Thomas E. Ho'okano, Esq. SBN 052477
**LAW OFFICE OF THOMAS E. HO'OKANO**
onehookanolaw@aol.com
2172 Promontory Point Lane
Gold River, CA 95670
Telephone: (916) 706-3354
Facsimile : (916) 706-2004
Attorneys for Plaintiff Boys and Girls Guide, L.L.C.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BOYS AND GIRLS GUIDE, LLC.,** | CASE No. |
| **Plaintiff,** | |
| v | **VERIFIED COMPLAINT FOR COPYRIGHT INFRINGEMENT PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND MONEY DAMAGES.** |
| **TREVOR SHORT, FIRST LOOK HOLDINGS, LLC, FIRST LOOK SPV,LLC, NU IMAGE, INC, AVI LERNER and DOES 1 - 20,** | |
| **Defendants.** | |

Plaintiff BOYS AND GIRLS GUIDE, LLC ( hereinafter "BGG, LLC") for their Complaint against TREVOR SHORT, an individual (hereinafter "Short"), FIRST LOOK HOLDINGS, LLC, (hereinafter "FLH") FIRST LOOK SPV, LLC (hereinafter "FLSPV", NU IMAGE, INC (hereinafter "NUI"), AVI LERNER (hereinafter "Lerner") and Does 1

BGG, LLC v Trevor Short et al Complaint

through 10 allege as follows as to matters within their personal knowledge, and on information and belief as to all other matters:

## NATURE OF THE CASE

1. This action arises out of Defendants' acts of copyright infringement arising from: the unlawful mortgaging of plaintiff's film "Boys and Girls Guide To Getting Down" (the "Work"), a major motion picture, without acquiring the right to mortgage or pledge said film as collateral for a loan from Plaintiff, BGG, LLC the owner of the copyright in the Work.

2. The "Work" was copyrighted by plaintiff BGG, LLC in 2007. The screenplay on which the work is based was copyrighted by plaintiff in 2005. The copyright registration for the film Work is PAu3-146-077.

## JURISDICTION AND VENUE

3. This is a civil action against defendants for copyright infringement in breach of the Copyright Act, 17 U.S.C. Sections 101 *et seq*. This Court has subject matter jurisdiction pursuant to 17 U.S.C. Section 501(a), 28 U.S.C. Section 1331 and 28 U.S.C. Section 1338(a).

4. Venue is proper in this District under 28 U.S.C. Section 1391(b) and ( c) and 28 U.S.C. Section 1400(a) in that the claim arises in this Judicial District. Defendants Short, Lerner, FLH, FLSPV, and NUI may be found in and do business in this Judicial District, and on information and belief, Doe Defendants 1- 10 also transact business in this venue. Defendants are subject to the personal jurisdiction of this Court and are amenable to service of process pursuant to the California's Long Arm Statute, Cal. Civ. Proc. Code, Section 413.10 and Fed. R. Civ. P 4(e).

## THE PARTIES

5. Plaintiff Boys and Girls Guide, LLC (also referred to herein variously as "BGG, LLC" or "Plaintiff Company") is a California Limited Liability Company and the owner of the copyright of the work. Plaintiff is based in Los Angeles, California, within

1  this judicial district. Members of plaintiff company include Mr. Enrique Aguirre,
2  Managing Member, Mr. Paul Sapiano, director of the film Work and co-author of the
3  screenplay upon which the Work is based, and Mr. Hani Selim, one of the producers of
4  the film Work. All of the above mentioned live and work in the County of Los Angles
5  within this Judicial District.

6. Plaintiff is informed and believes and on that basis alleges, that defendant Trevor Short is an individual and that he does business within this judicial district. Plaintiff is also informed and believes and on that basis alleges that defendant Trevor Short has an ownership interest in defendant Nu Image, Inc and that he was a co-founder of the company in 1992 with defendant Avi Lerner. Plaintiff is informed and believes and on that basis alleges that Nu Image, Inc is in the business of producing and distributing motion pictures.

7. Plaintiff is informed and believes and on that basis alleges that First Look SPV, LLC is a suspended Delaware limited liability company and that said company does business within this judicial district. Plaintiff is also informed and believes and on that basis alleges that defendant Trevor Short is an officer in said company with offices within this judicial district.

8. Plaintiff is informed and believes and on that basis alleges that defendant First Look Holdings, LLC is a Delaware limited liability company and that said company does business within this judicial district. Plaintiff is also informed and believes and on that basis alleges that defendant's agent for process of service is National Registered Agents, Inc. Plaintiff further alleges on information and belief that said company was formed to acquire First Look Studios, Inc.

9. Plaintiff is informed and believes and on that basis alleges that defendant Nu Image, Inc is a California corporation and that said company does business within this judicial district. Plaintiff is informed and believes and on that basis alleges that defendant Trevor Short is a principal in said company and along with defendant Avi Lerner is a co-founder of the company.

10. Plaintiff is informed and believes and on that basis alleges that defendant Avi Lerner is an individual engaged in the business of motion picture production and distribution and that said defendant does business within this judicial district. Plaintiff is also informed and believes and on that basis alleges that defendant Lerner is a principal in defendant Nu Image, Inc, defendant First Look Holdings, and defendant First Look SPV, LLC.

11. Plaintiff is unaware of the true names or capacities of the defendants sued herein under the fictitious names DOES 1- 10, but pray for leave to amend and serve such fictitiously named defendants once their names and capacities become known. Plaintiff is informed and believes and, upon such belief, alleges that each of the defendants designated herein as a "Doe" is legally responsible in some manner for the events and happenings herein alleged either as a direct participant in the scheme alleged herein and that Plaintiff's damages as alleged herein were proximately caused by such defendants.

12. Defendants Short, First Look Holdings, LLC, First Look SPV, LLC, Nu Image, Inc , Lerner and Doe Defendants are collectively referred to herein as "Defendants".

## FACTUAL ALLEGATIONS

13. The "Work" has been registered with the United States Copyright Office. A true and correct copy of the Certificate of Registration thereof is attached hereto and incorporated herein as Exhibit A to this complaint.

14. Plaintiff BGG, LLC is currently the holder of the exclusive right to market, distribute, sub-distribute and otherwise exploit the Work, soundtrack, trailers, and other advertising materials in connection therewith and the copyright identified in Exhibit A with respect to all forms of theatrical distribution, non theatrical distribution, all forms of television, including free and pay television, home video, and all other media. At all times relevant hereto plaintiff has steadfastly maintained the right to mortgage said film Work or to pledge said Work as collateral for a loan. At no time has Plaintiff Company consented to or agreed to the mortgaging or pledging of its film Work as collateral for a

loan or line of credit or for any other purpose. Plaintiff Company did not consent to the mortgaging of its film by defendant First Look SPV, LLC.

15. In about October 2006 Plaintiff Company entered into a distribution agreement with Kosmic Film Entertainment Company, Inc wherein it granted an exclusive license ti distribute plaintiff's film Work. The agreement did not provide Kosmic with an ownership interest in the film Work nor did it provide Kosmic with any right to mortgage plaintiff's film Work or to pledge it as collateral for a loan or any other purpose. Paragraph 7 of the agreement specifically provides that legal title to the picture and to the delivery materials and all rights therein (including the right to enforce the copyright and to recover damages on account of infringement of said copyright, regardless of the date of infringement ) is and at al times be owned solely by the producer BGG,LLC. The agreement also specifically stated in Paragraph 7 that no ownership rights were granted to the distributor.

16. Plaintiff is informed and believes and on that basis alleges that in about 2007 Defendant Avi Lerner formed defendant First Look Holdings, LLC to purchase First Look Studios, Inc. First Look Studios was a film distribution company. In about March 2007, First Look Studios entered into an agreement with Kosmic Film Entertainment Company, Inc wherein Kosmic assigned its rights to distribute plaintiff's film Work to First Look Studios. The Short Form Distribution Agreement, dated March 27, 2007 between Kosmic and First Look Studios sets forth the distribution rights granted to First Look Studios by Kosmic. The distribution rights did not include the right to mortgage plaintiff's film or to mortgage any rights to distribute the film Work. No ownership interest in the film was conveyed by Kosmic to First Look Studios, Inc. Kosmic ultimately went out of business and returned its rights to distribute plaintiff's film Work to plaintiff BGG, LLC by written correspondence dated December 10, 2010. In said correspondence Kosmic indicated that its rights to distribute plaintiff's film Work would be returned to plaintiff company effective December 17, 2010.

. 17. Plaintiff is informed and believes and on that basis alleges that after defendant First Look Holdings acquired First Look Studios, Inc. in 2007, defendant First Look Studios assigned its right to distribute plaintiff's Film Work to defendant First Look SPV, LLC without plaintiff's consent or agreement. on or about November 18, 2007. To this day defendant First Look Spv, LLC never paid fees to plaintiff company it was obligated to pay in regard to defendant's distribution of plaintiff's film Work.

18. Plaintiff is informed and believes and on that basis alleges that defendant First Look SPV, LLC entered into a Copyright Security Agreement dated June 14, 2006 with its lenders Merrill Lynch Bank USA, as administrative agent, and Wells Fargo Bank, N.A, as Collateral Agent, wherein First Look SPV pledged its rights in all copyrights, including *subsequently acquired rights* as a security interest to its lenders. The purpose of the line of credit was to enable defendant First Look SPV to purchase film rights which would constitute collateral for the loan. The Security Agreement was Amended and Restated in September 2007 to clarify that the agreement applied to First Look SPV,LLC's "right, title, and interest in all copyrights and contracts". Plaintiff is informed and believes and on that basis alleges that defendants Trevor Short, Avi Lerner, First Look Holdings, Nu Image, Inc and First Look SPV,LLC wrongfully included Plaintiff's film Work, along with other film titles, as security or collateral for the line of credit from Wells Fargo Bank At the time defendant pledged plaintiff's film Work defendants knew or should have known that plaintiff Company owned the copyright to the film Work an was the owner of film. Defendants did not obtain plaintiff's consent to pledge the film Work as collateral for a loan. Defendants' actions were an intentional violation of plaintiff's copyright in the Work.

19. Plaintiff Company is informed and believes and on that basis alleges that defendants Short and Lerner had included several film Works as collateral for the Wells Fargo loan which they did not own. In so doing, plaintiff is informed and believes and on that basis alleges that the value of the collateral was vastly overstated.

20. The Merrill Lynch Bank / Wells Fargo Bank loan to defendant First Look SPV was subsequently assigned to Bank of America, N. A. in about February 23, 2010 by way of a Secured Party General Conveyance and Bill of Sale. Plaintiff's film Work could not be assigned to Bank of America, N.A. as part of the Bill of Sale as rights in the Work could not be assigned to Well Fargo by defendant First Look SPV, LLC without plaintiff's consent or agreement. Defendant First Look SPV, LLC had no ownership interest in plaintiff's film Work.

21. Defendant First Look SPV ultimately defaulted on the loan agreement with Bank of America and Bank of America commenced suit against First Look SPV and First Look Studios, Inc on or about February 10, 2010 for breach of contract, among other causes of action, in the United States District Court for the Southern District of New York ( *Bank of America, N.A. v First Look SPV LLC and First Look Studios, Inc. Case No. 10 Civ 991)*. In its complaint, the bank alleges that defendants had an obligation of $46.5 million dollars and that financial reports submitted by defendants were false and misleading. For example, the bank alleged that defendant First Look had certified to Merrill Lynch that its film library was worth over fifty million dollars when in fact it believed that the value of the film library was only approximately twenty million dollars The Bank also alleged that representatives of First Look also disclosed that First Look Studios had wrongly informed Merrill Lynch that it had "sold" several motion pictures to First Look SPV that were not, in fact, the property of First Look Studios in the first place and thus were not owned by First Look Studios "free and clear of all Liens and rights of others". Plaintiff is informed and believes and on that basis alleges that plaintiff's film Work was wrongly included in the list of films which First Look had wrongly represented as being "sold" to First Look SPV and which First Look SPV ultimately pledged as collateral for the loan from Merrill Lynch Bank.

22. Bank of America initiated foreclosure proceedings on the loan to defendant First Look SPV on or about December 22, 2009 and ultimately became the "owner" of the First Look SPV film library at the foreclosure sale on or about February 9, 2010.

1  Plaintiff alleges that the bank did not acquire an ownership interest in plaintiff's film
2  because defendants had no authority or consent from Plaintiff Company to pledge
3  plaintiff's film Work as collateral for a loan and as such Bank of America could not
4  foreclose on plaintiff's copyrighted Work.
5      23. Plaintiff is informed and believes and on that basis alleges that at all relevant
6  times hereto that defendants Short, First Look Holdings, LLC, First Look SPV, LLC, Nu
7  Image, Inc and Lerner were responsible for and did violate plaintiff's copyright by
8  causing plaintiff's film Work to be pledged as collateral for the loan from Merrill Lynch
9  and Wells Fargo Bank, N.A and by distributing plaintiff's film Work without paying the
10 fees required by the Kosmic Film Entertainment, Inc distribution agreement with First
11 Look Studios, Inc. .
12     24  On or about March 25, 2010 Bank of America, defendant First Look SPV,
13 LLC, First Look Studios, Inc,.Nu Image Delaware, Inc., Defendant Trevor Short,
14 Defendant Avi Le and Bank of America entered into a Settlement Agreement and Release
15 whereby Bank of America agreed to convey its "rights" in plaintiff's film Work, among
16 others, to Nu Image Delaware, Inc. Plaintiff alleges that Bank of America could not
17 convey any interest in plaintiff's film Work to Nu Image Delaware, Inc because the film
18 Work could not be pledged as security for a loan without plaintiff's agreement or consent.
19 Plaintiff alleges that at all relevant times it was and is the sole owner of the film Work. .
20     25. Defendants and each of them have violated plaintiff's copyright distributing
21 plaintiff's film Work without paying to plaintiff its share of distribution fees and by
22 pledging plaintiff's film Work as collateral for a loan in violation of federal copyright
23 laws. By their conduct defendants have caused plaintiff damages by <u>inter alia,</u> placing a
24 cloud on the title to its film Work, plaintiff cannot obtain financing for other films as
25 sequels to the initial film Work, plaintiff cannot mortgage its film and they have been
26 deprived of distribution, rental, sales and copying revenue by defendants' and their
27 successors in interest.
28

26. Plaintiff Company did not become aware of defendants' actions in violating its copyright by mortgaging its film until at the earliest February 11, 2013.

27. Plaintiff is informed and believes and on that basis alleges that defendants have engaged in similar acts of copyright infringement involving films listed in defendant First Look SPV, LLC's film library.    {begin}

## FIRST CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS

28. Plaintiff incorporates by this reference the allegations set forth in paragraphs 1 through 27 above.

29. Plaintiff is informed and believes, and on that basis alleges that defendants, and each of them, have knowingly and intentionally infringed Plaintiff's rights in the copyright in the Work, by among other things, mortgaging plaintiff's Work and / or pledging plaintiff's Work as collateral for a loan or line of credit without plaintiff's consent or agreement

30. An exclusive licensee does not have the right to transfer its interest in copyrighted material without the express consent of the owner of the copyright. As such defendant First Look SPV, LLC could not mortgage plaintiff's film Work or pledge said Work as collateral for a loan without the express consent of plaintiff BGG, LLC. It is undisputed that plaintiff BGG,LLC never provided the required consent to First Look SPV, LLC or any other entity, including Kosmic Film Entertainment, Inc or First Look Studios, Inc. See, e.g. Gardner v Nike, Inc. 279 F 3rd 774 (9th Cir 2002).

31. Plaintiff has no adequate remedy at law and has suffered, and is continuing to suffer, irreparable harm and damage as a result of the aforesaid acts of infringement. Defendants and each of them are liable in amounts within the jurisdiction of this Court.

32. Plaintiff is informed and believes and upon that basis alleges, that the aforesaid infringement by defendants of plaintiff's Work was and continues to be with the knowledge that the Work is copyrighted, and that defendants and each of them in doing

1 the acts complained of herein, have wilfully infringed Plaintiff's rights under the
2 Copyright Laws of the United States, 17 U.S.C. Section 101 et seq.

3  33. Plaintiff is informed and believes and upon that basis alleges, that defendants
4 have each obtained gains, profits, and advantages as a result of their respective wrongful
5 acts in amounts within the jurisdiction of this Court.

6  34. Plaintiff is informed and believes and upon that basis alleges, that it has
7 suffered, and continues to suffer, direct and actual damage as a result of Defendants'
8 wrongful conduct as alleged herein, in amounts within the jurisdiction of this Court. In
9 order to determine the full extent of such damages, including such profits as may be
10 recoverable under 17 U.S.C. Section 504, plaintiff will require an accounting from each
11 defendant of all monies generated from the mortgaging of plaintiff's film Work as alleged
12 herein.

13  35. In the alternative, plaintiff may elect to recover statutory damages from
14 defendants pursuant to 17 U.S.C. Section 504 ( c). Defendants have each violated the
15 copyrights of plaintiff, as alleged herein above. Plaintiff is informed and believes and on
16 that basis alleges that defendants have each infringed the Work, a federally registered
17 copyrighted Work. Plaintiff is informed and believes and on that basis alleges, that
18 defendants, and each of them, may be liable for statutory damages to plaintiff pursuant to
19 17 U.S.C. Section 504 ( c ). Further, plaintiff is informed and believes and on that basis
20 alleges, that each defendants' acts as described above are in willful violation of Plaintiff's
21 rights, and statutory damages against each such willfully infringing defendant up to the
22 maximum amount allowable pursuant to 17 U.S.C. Section 504 ( c) (2) for the
23 infringement of the Work should be assessed by the Court.

24  36. Plaintiff is informed and believes, and on that basis alleges, that unless
25 enjoined by the Court, the unlawful infringement by defendants will continue with
26 irreparable harm and damage to plaintiff. Plaintiff therefore seeks preliminary and
27 permanent injunctive relief pursuant to 17 U.S.C. Section 502.
28

37. By reason of the acts alleged herein, plaintiff has incurred and will continue to incur, attorney's fees and other costs in relation with the adjudication of the claims herein, alleged which attorney's fees and costs plaintiff may, be entitled to recover from defendants and each of them.

Wherefore, plaintiff prays for judgment as follows.

### DEMAND FOR JURY TRIAL

Plaintiff hereby submits its demand for a jury trial in this matter

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. Defendants, their officers, agents, employees, representatives, servants and attorneys, and all persons in active concert or participation with them, be preliminarily and permanently enjoined from mortgaging, or pledging plaintiff's film Work as collateral or security for a loan or line of credit. or vicariously infringing upon Plaintiff's rights in the copyright of the Work.

2. A seizure order be entered directing the U.S. Marshall to seize and impound all items possessed, owned or under the control of Defendants, their officers, agents, servants, employees, representatives and attorneys, franchisees, and all persons in active concert or participation with them (including purchasers of infringing products from Defendants), which infringe upon Plaintiff's rights in the copyright of the Work.

3. Defendants be held liable to Plaintiff for actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement pursuant to 17 U.S.C. Section 504, including general, special, and incidental damages against Defendants in an mount to be proven at trial.

4. For statutory damages against each of the Defendants in the amount of up to $30,000.00, or $150,000.00 if such acts of infringement are found to be willful, if statutory damages are recoverable under the circumstances and such amounts are greater than the amount of item (3) above.

5. Defendants be ordered to account to plaintiff in a manner sufficient to reflect any and all revenues generated from the exploitation or distribution of the Work in any form.

6. That Plaintiff have and recover their costs and disbursements incurred in this action, including an award of reasonable attorneys' fees.

7. That the Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement of compliance therewith and for the punishment of any violations thereof.

8. For such other and further relief as the Court may deem just and appropriate.

Date: November 15, 2013

LAW OFFICES OF THOMAS E. HO'OKANO

By __s/Thomas E. Ho'oklano_____
Thomas E. Ho'okano, Esq.
Attorneys for Plaintiff
BGG,LLC

## VERIFICATION

I, ENRIQUE AGUIRRE, declare and say as follows:

I am the managing member of Plaintiff Boys and Girls Guide, LLC. I have read the foregoing

**VERIFIED COMPLAINT FOR COPYRIGHT INFRINGEMENT PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND MONEY DAMAGES**

and know the contents therein. I declare under the penalty of perjury under the laws of the United States that the facts alleged therein are true and correct, and where the facts are alleged on information and belief, I believe them to be true and correct.

Date: November 15, 2013


_____s/Enrique Aguirre_____
ENRIQUE AGUIRRE

# EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form PA**
For a Work of Performing Arts

**PAu3-146-077**

EFFECTIVE DATE OF REGISTRATION

7 / 12 / 07

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1  TITLE OF THIS WORK ▼**
The Boys & Girls Guide To Getting Down

PREVIOUS OR ALTERNATIVE TITLES ▼

NATURE OF THIS WORK ▼
Motion Picture

**2  NAME OF AUTHOR ▼**
a  Paul Sapiano
DATES OF BIRTH AND DEATH
Year Born ▼ 1967   Year Died ▼

Was this contribution to the work a "work made for hire"? ☐ Yes  ☑ No
AUTHOR'S NATIONALITY OR DOMICILE
Citizen of United Kingdom
Domiciled in USA

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No

NATURE OF AUTHORSHIP
Credited as Director

b  Hani Selim
DATES OF BIRTH AND DEATH
Year Born ▼ 1966  Year Died ▼

Was this contribution to the work a "work made for hire"? ☐ Yes  ☑ No
AUTHOR'S NATIONALITY OR DOMICILE
Citizen of USA
Domiciled in

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No

NATURE OF AUTHORSHIP
Credited as Producer

c  Enrique Aguirre
DATES OF BIRTH AND DEATH
Year Born ▼ 1965  Year Died ▼

Was this contribution to the work a "work made for hire"? ☐ Yes  ☑ No
AUTHOR'S NATIONALITY OR DOMICILE
Citizen of USA
Domiciled in

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No

NATURE OF AUTHORSHIP
Credited as Executive Producer - Editor

**3  a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED  2005
**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Month _____ Day _____ Year _____

**4**  COPYRIGHT CLAIMANT(S)
Boys and Girls Guide, LLC
1301 Main St. Studio 3
Venice, CA 90291

APPLICATION RECEIVED
JUN 05 2007
ONE DEPOSIT RECEIVED
JUN 05 2007
TWO DEPOSITS RECEIVED  DVD
FUNDS RECEIVED  7/12/07

TRANSFER  *by written agreement*

MORE ON BACK ▶
Page 1 of 2 pages