UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BOYS AND GIRLS GUIDE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FIRST LOOK SPV, LLC; NU IMAGE, INC., a Delaware Corporation; SHOWTIME NETWORKS, INC., a Delaware Corporation; MARQUEE, INC., a Delaware Corporation; VUDU, a Delaware Corporation; NETFLIX, INC., a Delaware Corporation; and DOES 1 - 10, inclusive,<br><br>Defendants. | Case No. 2:13 CV 08669 PSG (MANx)<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE STIPULATION OF THE PARTIES** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Joint Stipulation and Proposed Protective Order ("Stipulation") filed on October 23, 2014, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraphs 1(e), 2, 4, 7, 9, 13, and 15 of the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as Confidential Material, Confidential Information, Attorneys Only Information, or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal.  Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as Confidential Material, Confidential Information, Attorneys Only Information, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  The Court has stricken the parties' good cause statement because the Court may only enter a protective order upon a showing of good cause, Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006), Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002), Makar-Welbon v. Sony Electrics, Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons (see below), **with proper evidentiary support and legal justification**, must be made with respect to each document or item designated as Confidential Material, Confidential Information, Attorneys Only Information, or other designation(s) used by the parties, which a party seeks to have filed under seal.  The parties' mere designation of any

1  information, document, or thing as Confidential Material, Confidential Information,
2  Attorneys Only Information, or other designation(s) used by parties, does not --
3  **without the submission of competent evidence, in the form of a declaration or**
4  **declarations, establishing that the material sought to be filed under seal**
5  **qualifies as confidential, privileged, or otherwise protectable** -- constitute good
6  cause.
7         Further, if sealing is requested in connection with a dispositive motion or
8  trial, then compelling reasons, as opposed to good cause, for the sealing must be
9  shown, and the relief sought shall be narrowly tailored to serve the specific interest
10 to be protected.  *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th
11 Cir. 2010).  For each item or type of information, document, or thing sought to be
12 filed or introduced under seal in connection with a dispositive motion or trial, the
13 party seeking protection must articulate compelling reasons, supported by specific
14 facts and legal justification, for the requested sealing order.  **Again, competent**
15 **evidence supporting the application to file documents under seal must be**
16 **provided by declaration.**
17        Any document that is not confidential, privileged, or otherwise protectable in
18 its entirety will not be filed under seal if the confidential portions can be redacted.
19 If documents can be redacted, then a redacted version for public viewing, omitting
20 only the confidential, privileged, or otherwise protectable portions of the document,
21 shall be filed.  Any application that seeks to file documents under seal in their
22 entirety should include an explanation of why redaction is not feasible.
23        Notwithstanding any other provision of this Protective Order, in the event that
24 this case proceeds to trial, all information, documents, and things discussed or
25 introduced into evidence at trial will become public and available to all members of
26 the public, including the press, unless sufficient cause is shown in advance of trial to
27 proceed otherwise.
28        Further, notwithstanding any other provision of this Protective Order, no

obligation is imposed on the Court or its personnel beyond those imposed by the Court's general practices and procedures.

**THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE PHILIP S. GUTIERREZ, UNITED STATES DISTRICT JUDGE.**

## AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

1. **Framework and scope of order**.

    (a) Absent further Court order, this Protective Order governs all discovery in this action and all material which a producing party has designated as confidential in this action;

    (b) All material produced during discovery in this action, whether in documents, depositions, or otherwise, will be used solely for the purposes of this action and not for any other purpose, including any business purpose, and will not be used or disclosed outside the context of this action; however, the parties contemplate a separate agreement regarding the use of such material in any action with which this action may be consolidated, or in any action involving related claims or defenses, so as to minimize or eliminate duplicative discovery;

    (c) Any person receiving confidential material shall not disclose that material to any person, except a person authorized to receive the material pursuant to this Protective Order, and shall make such disclosure only in strict compliance with this Protective Order;

---

[1] The Court's substantive modifications of the agreed terms of the Protective Order are generally indicated in bold typeface.

    (d) Any person providing its confidential material retains the right to disclose the material by waiving the restrictions in this Protective Order for a particular purpose or use; and

    (e) The use of any confidential material **in any court proceeding that is** open to the public is not addressed in this Protective Order **but may be** the subject of future Court order**(s)** as **requested in a timely motion or application**.

  2. **Definition of Confidential Material.**  This Protective Order shall govern, and shall be applied on a narrowly-tailored basis to protect, only documents, materials, items or information that materially consist of information that is entitled to confidential treatment under existing California law (hereinafter "confidential material"), such as: trade secrets defined by California Civil Code § 3426.1; financial information; personal information implicated or otherwise protected by article I, section 1 of the California Constitution; or information submitted to a governmental office but which is subject to a public policy of confidentiality.  For the purpose of this Protective Order, "confidential material" means any information of any kind which is designated as confidential in the manner specified in this Protective Order by the party supplying the information, and all copies of such designated material.  Confidential material may be contained in:  documents produced; testimony in depositions; exhibits; interrogatory answers; responses to requests for admissions; briefs; or otherwise.  Confidential material under this Protective Order consists of two categories:  "Confidential Information" and "Attorneys Only Information."  Any materials which reproduce, paraphrase, summarize, or otherwise contain confidential material are also confidential in the same category as the original material.  "Attorneys Only Information" is information which, if disclosed to the receiving party, might cause competitive harm to the designating party including, but not limited to, technical and/or research and development data, intellectual property, financial, marketing and other sales data, and/or information having strategic commercial value pertaining to the designating

party's trade or business. The designation of "Attorneys Only Information" is intended to apply only to information that is not adequately protected by a "Confidential **Information**" designation because the receiving party could reasonably gain an unfair competitive advantage from the use of such information. Before designating any specific information **or materials as "Confidential Information" or** "Attorneys Only Information," the designating party's counsel shall make a good faith determination that the information warrants such protection.

3. **Authorized Persons.** Except for the rights retained in paragraph 1(d) above, access to Confidential Information is restricted to the following authorized persons, and access to Attorneys Only Information is restricted to the persons described in this Paragraph 3, subdivisions 3(a) and 3(c)-(g), inclusive:

(a) Attorneys of record (including attorneys designated in pleadings as "of counsel") in this lawsuit and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

(b) The individual parties and as to corporate parties the managing agents who are involved in this lawsuit, along with their investors, potential investors, creditors, potential creditors, and entities to whom they are required to report revenues (including but not limited to the Screen Actors Guild);

(c) Independent persons retained by a party or its attorneys of record in this action to assist in the preparation of this action for trial (such as independent experts, economists, accountants, expert witnesses and other consultants, and the necessarily involved employees of such persons);

(d) This Court and its employees;

(e) Court reporters transcribing testimony taken in this action and notarizing officers;

(f) As to any document containing confidential material, the person who generated the material or authored the document or was an addressee of the document is an authorized person with respect to that document in the context of

deposition testimony or interrogatories addressed to that party; and

(g) Mediator Alan Dowling (the mediator whom the parties have agreed will mediate the dispute) and employees of Mr. Dowling to whom it is necessary that the material be shown for purposes of this litigation.

**4.     Designating Confidential Material.**  Each document which contains confidential material in **either the "Confidential Information" or** the "Attorneys Only Information" category shall be prominently marked with the **appropriate** designation.  **Such** markings **shall be applied** to documents produced, exhibits, discovery requests and responses, and all other documents which reproduce, paraphrase, summarize, or otherwise contain confidential material.

**5.     Depositions.**  Counsel for any party or for a witness may orally on the record designate deposition testimony or exhibits as confidential material during the course of a deposition.  All depositions shall be treated in their entirety as Attorneys Only Information for a period of ten (10) days after receipt of the transcript.  During that 10-day period, counsel for any party or for a witness may designate portions of the deposition as Attorneys Only Information or Confidential Information by listing the page and lines of those portions so considered and advising all counsel of record of that designation.  Any deposition exhibit or testimony portion so designated shall not be filed with the court except in accordance with paragraph 6 of this Protective Order.

Any party or non-party may prepare for a deposition or be examined as a witness at a deposition with information designated as Confidential Information or Attorneys Only Information, as follows:  (a) if the witness is a current or former employee, officer or director of a producing party or non-party, the witness may be shown any documents produced by that party or non-party regardless of its designation; or (b) if the witness authored or received the document prior to or apart from this action, the witness may be shown the document regardless of its designation.  Notwithstanding paragraphs 2 and 3, any non-party witness may be

shown at a deposition or examine any document designated Confidential Information, so long as the witness has been provided with a copy of this Protective Order and has signed an undertaking in the form of Exhibit "A."

If a party wants to show documents to a witness that the witness is not otherwise entitled to have access to due to a designation of Attorneys Only Information, the party who wishes to do so must send written notice, by letter or email, notifying counsel for the designating party of the intent to show the witness the document(s) and identifying such document(s) specifically by production number. If the designating party does not object within three (3) business days of receiving such written notification, the witness may be shown the document(s) at the deposition or in preparation for the deposition provided that such witness has been required to read a copy of this Protective Order, and evidenced his or her agreement to be bound by its terms, conditions and restrictions by signing and undertaking in the form of attached Exhibit "A" or by so stipulating under oath on the record of his or her deposition.

**6.     Inadvertent Production.**  The inadvertent production by any of the undersigned parties or third-parties of any documents, testimony, or other information during discovery in this action without a Confidential Information or Attorneys Only Information designation shall be without prejudice to any claim that any such document, testimony or other information is Confidential Information or Attorneys Only Information, and no party or third-party shall be held to have waived any rights by such inadvertent production. In the event that any document, testimony, or other information that is subject to a Confidential Information or Attorneys Only Information designation is inadvertently produced without such designation, the party or third-party which inadvertently produced the document shall give written notice of such inadvertent production within ten (10) days of discovery of the inadvertent production, together with a further copy of the subject document, testimony or other information designated as "Confidential Information"

or "Attorneys Only Information."

7. **Filing Confidential Material With the Court.** Any party seeking to file documents under seal with the court shall comply with the provisions of Local Rule 79-5.1 **and this Protective Order**.

8. **Authorized Person Acknowledgment.** Before disclosing confidential material to any authorized person -- except to an attorney of record, this Court and its employees, or the Court reporters transcribing testimony taken in this action and notarizing officers -- counsel for the party making such disclosure shall provide each such person with a copy of this Protective Order, shall advise each such person not to disclose any Attorneys Only Information or Confidential Information material to any other person and that violation of this Protective Order may subject such person to the sanctions of this Court, and each such person shall agree in writing to comply with the terms of this Protective Order in the form of Exhibit A to this Protective Order. The original acknowledgments shall be maintained by the attorney for the party who designated such person.

9. **Discovery From Third Parties.** When documents, testimony, or other material is sought in discovery in this action from a person (including any business entity) who is not a party, any party who has a claim of confidentiality may designate certain documents or a category of documents, and certain testimony, as Attorneys Only Information or Confidential Information under this Protective Order, and the person from whom discovery is sought may similarly make such a designation.  Documents and material so designated shall be treated under the provisions of this Protective Order.  Any and all documents produced in response to a third-party or non-party subpoena issued by one party shall be provided to the other party for review and designation of either "Confidential Information" or "Attorneys Only Information."

If a party in possession of Confidential Information or Attorneys Only

Information receives a subpoena or other compulsory process from a non-party to this Protective Order (including, without limitation, a governmental agency) seeking production or other disclosure of such Confidential Information and/or Attorneys Only Information, the party receiving the subpoena shall notify counsel for the designating party of the fact of the subpoena within ten (10) business days of its receipt, furnish counsel for the designating party with a copy of the subpoena, and cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose interests may be affected.  The designating party shall have the burden of defending against the subpoena.  The party receiving the subpoena shall be entitled to comply with it, except to the extent that the designating party is successful in obtaining an order modifying or quashing the subpoena.  **Nothing in this Protective Order should be construed as authorizing a Receiving Party in this action to disobey a lawful directive from another court.**

      10.    <u>**Protection of Confidential Material.**</u>   No copies of any confidential material shall be made except to the extent necessary for this lawsuit.  All copies of confidential material shall be kept in secure areas at the offices of outside counsel or persons of the kind described in paragraph 3 or in the personal custody and control of such persons.

      11.    <u>**Customer Contact.**</u>   The identity and contact information of the customers of the parties to this action are and shall remain confidential.  No party shall initiate contact with the customers of any other party in reliance on any identification or contact information produced in this action, except for the narrow purposes of this litigation or service of process.

      12.    <u>**Client Consultation.**</u>   Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated

unless permitted hereunder, agreed upon by the parties or authorized by the Court.

13. **Challenging a Designation.**  Any party may challenge at any time the propriety of a designation of material as Attorneys Only Information or Confidential Information.  Before such a challenge is made, the parties shall attempt to resolve the dispute in good faith on an informal basis.  If the dispute cannot be resolved on an informal basis, any challenge to the propriety of a designation shall be made pursuant to the provisions of Local Rule 37.  In making or opposing any motion relating to the designation of confidential information, the party seeking to **maintain the confidential designation** shall bear the burden of showing that specific prejudice or harm will result if **the designation is removed**.

14. **No Admission.**  The designation by a disclosing party of material as Attorneys Only Information or Confidential Information is intended solely to facilitate the preparation and trial of this action.  Such designation is not an admission by any party that the designated disclosure constitutes or contains any confidential material.  Nothing in this Protective Order shall be deemed to limit, prejudice, or waive any right of any party or person to:  (a) resist or compel discovery with respect to, or to seek to obtain additional or different protection for, material claimed to be protected as privileged under applicable law, material as to which the producing party claims a legal obligation not to disclose, or material not required to be provided pursuant to applicable law; (b) seek to modify or obtain relief from any aspect of this Protective Order; (c) object to the use, relevance, or admissibility at trial or otherwise of any material, whether or not designated in whole or in part as Confidential Information or Attorneys Only Information by this Order; and (d) otherwise to require that discovery be conducted according to governing laws and rules.

15. **Conclusion of Action.**  Upon the final determination of this action, all documents, transcripts of testimony, discovery responses, and other papers **designated as Confidential Material pursuant to** the provisions of this Protective

Order, **and which have not been stripped of their designation as Confidential material by agreement of the Parties, court order, or filing in or introduction into the public record during trial or otherwise**, shall be delivered by counsel for the receiving party to counsel for the producing party or it shall be destroyed, and counsel for the receiving party shall certify in writing to the producing party that all such documents have been destroyed. All copies of summaries, memoranda, and notes reflecting the contents or substance of such documents shall either be delivered or destroyed as described above. The provisions of this Protective Order or any other order entered in this action restricting the disclosure or use of confidential material shall continue to be binding at the conclusion of this action.

IT IS SO ORDERED.

Date: December 18, 2014

\_\_\_\_\_ *Margaret A. Nagle* \_\_\_
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

**ACKNOWLEDGMENT CONCERNING MATERIAL COVERED BY A PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA**

The undersigned hereby acknowledges that he/she has read the attached Protective Order entered in the United States District Court, Central District of California, in the action entitled *Boys and Girls Guide, LLC, et al. v. First Look SPV, LLC* Case CV13-8669 PSG (MANx), and understands the terms thereof and agrees to be bound by such terms.

Dated: _____

Signature:_____

Type or print name of individual:_____